# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00334-CV

**Sylva Engineering Corporation, Appellant**

**v.**

**Hasan Giray Kaya, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 419TH JUDICIAL DISTRICT
### NO. D-1-GN-11-002649, HONORABLE TIM SULAK, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Sylva Engineering Corporation ("Sylva") brings this interlocutory appeal from a district court order denying its motion to dismiss appellee Hasan Giray Kaya's negligence claim. On appeal, Sylva asserts that the trial court erred in denying its motion to dismiss because (1) the "certificate of merit" filed by Kaya does not comply with the requirements of chapter 150 of the civil practice and remedies code, and (2) the certificate of merit does not provide a sufficient factual basis to support one of Kaya's theories of negligence. *See* Tex. Civ. Prac. & Rem. Code Ann. § 150.001–.002 (West 2011). We affirm the trial court's order in part and reverse and dismiss in part.

## BACKGROUND

In his pleadings, Kaya claims that he was involved in an automobile accident on State Highway 45 ("SH 45"). According to Kaya, he was driving below the speed limit after a light rain

when his car "unexpectedly hit a pool of water," causing Kaya to lose control of the vehicle and crash into a concrete barrier. Kaya asserts that as a result of the accident, he is permanently disabled.

Kaya brought this suit against multiple construction and engineering firms, alleging various theories of how each defendant's negligence contributed to his accident.[1] In his amended petition, Kaya alleged that Kellogg Brown & Root, LLC ("KBR") and Sylva, KBR's subcontractor, "failed to perform engineering designs for the area where Mr. Kaya's accident occurred." Specifically, Kaya alleged that KBR and Sylva negligently (1) designed a portion of SH 45 immediately preceding the "gore area"—the portion of a highway with a ramp for either exiting or merging traffic—to be "almost flat" and (2) failed to specify installment of "pavement drainage inlets" in this almost flat area. Kaya argues that these two negligent design features resulted in water failing to drain from the area immediately preceding the gore, thus leading to the "pooling" of water which caused Kaya's accident.

Kaya attached a certificate of merit to his amended petition as required by the civil practice and remedies code. *See id.* § 150.002(a) (providing that in any action for damages arising out of provision of professional services by licensed engineers or their firms, plaintiff is required to file affidavit of third-party engineer). Kaya's certificate of merit contains the affidavit of Raymond G. Helmer, Jr., who, according to the affidavit, is a licensed engineer "actively engaged in roadway and drainage design and traffic engineering consultation." Sylva filed its motion to dismiss, claiming that Helmer's affidavit did not satisfy the requirements of section 150.002(a) and (b). *See id.*

---

[1] The record indicates that the other defendants did not join Sylva's motion to dismiss, and they are not parties to this appeal. Therefore, we will discuss Kaya's negligence claims only as they relate to Sylva.

2

§ 150.002(e) ("The plaintiff's failure to file the affidavit in accordance with this section shall result in dismissal of the complaint against the defendant."). The trial court denied the motion to dismiss, and Sylva appeals the trial court's order denying the motion. *See id.* § 150.002(f) ("An order granting or denying a motion for dismissal is immediately appealable as an interlocutory appeal.").

## STANDARD OF REVIEW

We review a trial court's order denying a motion to dismiss pursuant to section 150.002 under an abuse-of-discretion standard. *M-E Eng'rs, Inc. v. Tochihara*, 365 S.W.3d 497, 500 (Tex. App.—Austin 2012, pet. denied) (internal citations omitted). Generally, a trial court abuses its discretion when it acts without reference to any guiding rules or principles. *Id.* However, a trial court has no discretion in determining what the law is or how the law applies to a given set of facts. *Id.* Therefore, the trial court abuses its discretion when it misinterprets or misapplies the law. *Id.* (citing *Perry Homes v. Cull*, 258 S.W.3d 580, 598 n.102 (Tex. 2008); *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992)).

The issues raised by Sylva on appeal primarily concern interpretation of the requirements of section 150.002. *See* Tex. Civ. Prac. & Rem. Code Ann. § 150.002(a)–(b). We review issues of statutory construction de novo. *State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006). In construing statutes, our objective is to give effect to the legislature's intent. *Id.* When statutory text is unambiguous, we adopt the construction supported by the statute's plain language, unless that construction would lead to an absurd result. *Fleming Foods of Tex., Inc. v. Rylander*, 6 S.W.3d 278, 284 (Tex. 1999).

3

**DISCUSSION**

On appeal, Sylva asserts that the trial court abused its discretion in denying Sylva's motion to dismiss because Helmer's affidavit does not comply with section 150.002 of the civil practice and remedies code in two respects. First, Sylva claims that the affidavit fails to establish the applicable standard of care. Second, Sylva asserts that the affidavit alleges that KBR, not Sylva, negligently designed SH 45 to be almost flat, and thus the affidavit fails to provide a factual basis to support Kaya's claim that Sylva was negligent for this aspect of SH 45's design. We address these two issues separately.

**Standard of care**

In its first issue on appeal, Sylva claims that the trial court erred in failing to dismiss this case because Helmer's affidavit does not expressly or implicitly provide the applicable standard of care. Specifically, Sylva argues that Helmer's affidavit never states the "appropriate location, size, or number of any such 'critical' drainage inlets," and thus it is unclear from the affidavit what the applicable standard of care is or how Sylva breached that standard. Whether section 150.002 requires an affiant to explicitly state what specific actions a defendant should have taken to comply with the standard of care is a question of law, which we review de novo. *See Shumake*, 199 S.W.3d at 284.

The certificate of merit serves the "legislative goal of requiring merely that plaintiffs make a threshold showing that their claims have merit." *M-E Eng'rs*, *Inc.*, 365 S.W3d at 504; *see also Criterium-Farrell Eng'rs v. Owens*, 248 S.W.3d 395, 399–400 (Tex. App.—Beaumont 2008, no pet.) ("[T]he purpose of the certificate of merit is to provide a basis for the trial court to

4

conclude that the plaintiff's claims have merit."). To further this goal, section 150.002 provides that the certificate of merit must:

> set forth specifically for each theory of recovery for which damages are sought, the negligence, if any, or other action, error, or omission of the licensed or registered professional in providing professional services, including any error or omission in providing advice, judgment, opinion, or a similar professional skill claimed to exist and the factual basis for each such claim.

Tex. Civ. Prac. & Rem. Code Ann. § 150.002(b).

This Court, interpreting the above language, recently held that a certificate of merit need not separately or explicitly recite the applicable standard of care that was breached by the act, error, or omission made the basis of recovery. *Elness Swenson Graham Architects, Inc. v. RLJ II-C Austin Air, LP*, No. 03-10-00805-CV, 2011 WL 1562891, at *4 (Tex. App.—Austin Apr. 20, 2011, pet. denied) (mem. op.). In that case, we noted that "[t]he legislature has amended section 150.002 three times since it was enacted in 2003 and has not incorporated a specific 'standard of care' requirement for certificates of merit in any of those amendments." *Id.* (citing *Benchmark Eng'g Corp. v. Sam Houston Race Park*, 316 S.W.3d 41, 45–46 (Tex. App.—Houston [14th Dist.] 2010, pet. withdrawn)). Furthermore, we explained that negligence is, by definition, conduct that falls below the applicable standard of care, and thus "[b]y averring that the licensed or registered professional's conduct is 'negligent,' the affiant is necessarily opining that the complained-of conduct did not meet the applicable standard of care." *Id.* Therefore, we concluded a certificate of merit that states that the complained-of conduct was negligent is sufficient to satisfy the requirements of section 150.002(b). *Id.*

5

On appeal, Sylva argues that our holding in *Elness Swenson* "should be modified to address the situation where, as here, a Certificate completely fails to identify what the design professional should have done to avoid the single omission as the sole negligent act." Sylva urges that we should adopt the standard established by our sister court of appeals in *Criterium-Farrell Engineers*, 248 S.W.3d at 399–400. In *Criterium-Farrell*, the Beaumont Court of Appeals held that "the certificate of merit must necessarily *address* the applicable standard of care and the defendant's failure to meet the standard." *Id.* at 400 (emphasis added). Under this construction, Sylva asserts, Helmer's affidavit is insufficient because it fails to specify where Sylva should have installed drainage inlets.

As an initial matter, we note that *Criterium-Farrell* was decided prior to the 2009 amendments to section 150.002, and that even after the 2009 amendment, the statute still does not reference any requirement that a certificate of merit must specifically or explicitly recite the applicable standard of care. *See* Tex. Civ. Prac. & Rem. Code Ann. § 150.002(a)–(b). Several courts, including this one, have held that the legislature's repeated decision not to incorporate any language about the standard of care in chapter 150 indicates that the legislature does not intend to create such a requirement. *See Elness Swenson*, 2011 WL 1562891, at *4 (citing *Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535, 540 (Tex. 1981), for proposition that courts presume every word excluded from statute was excluded for reason); *see also Morrison Seifert Murphy, Inc. v. Zion*, 384 S.W.3d 421, 427–28 (Tex. App.—Dallas 2012, no pet.) (noting legislature has never incorporated standard of care requirement in any of section 150.002's amendments); *Benchmark Eng'g Corp.*, 316 S.W.3d at 45–46. For this reason, at least two of our sister courts have rejected *Criterium-Farrell*'s conclusion

6

that the certificate of merit must "address" the standard of care. *See Benchmark Eng'g Corp.*, 316 S.W.3d at 45–46 (disagreeing with holding in *Criterium-Farrell*); *see also Zion*, 384 S.W.3d at 427–28 (noting disagreement between courts of appeals on this issue and concluding that certificate of merit need not recite standard of care).

Furthermore, *Criterium-Farrell* does not support Sylva's argument here. In *Criterium-Farrell*, the affidavit attached to the certificate of merit listed several acts and omissions that the affiant averred resulted in the defendant's failure to detect structural problems in the plaintiff's residence. 248 S.W.3d at 397–99. The affidavit never used the word "negligence," and those portions of the affidavit quoted in the opinion do not include the phrase "standard of care."[2] *Id.* Nevertheless, the court held that the affidavit satisfied the requirements of the then-applicable version of section 150.002 because the affidavit, taken as a whole, listed several specific omissions and averred that had it not been for those omissions, the plaintiff would not have suffered harm. *See id.* at 400. Nothing in *Criterium-Farrell* can be read to suggest that—in addition to stating what actions or omissions by the defendant constituted negligence—an affiant must state what additional actions the defendant should have taken and how those proposed actions would have complied with the applicable standard of care.

In this case, Helmer's affidavit states, in relevant part, that:

> [KBR] and Sylva Engineering Corporation failed to specify the installation of a Pavement Drainage Inlet in a location where it was

---

[2] In fact, the statement that most readily implicates the appropriate standard of care is the affiant's assertion that "any prudent inspector who is duly qualified and experienced . . . would have sensed the excessive slope of the second floor simply by walking across the floor." *See Criterium-Farrell Eng'rs v. Owens*, 248 S.W.3d 395, 399–400 (Tex. App.—Beaumont 2008, no pet.).

7

critically needed. Exhibits 7 and 8 show five Grate Inlets in the shoulder of Eastbound SH 45 *beyond* the gore area . . . . However, the inlet that is closest to the gore area is 182.25 feet beyond it. The engineering plans prepared by [KBR] and Sylva Engineering Corporation did not specify a Grate Inlet in the gore area where water ponded due to the previously-described "almost flat" pavement area.

The SH 45 North/Loop 1 Interchange project . . . was opened to traffic on or about November 2006. A number of vehicular traffic accidents occurred in the vicinity of Mr. Kaya's accident during the time period after November 2006. Mr. Kaya's accident occurred on February 8, 2010.

Texas Department of Transportation finally identified a solution to the water ponding problem . . . . [that] included installation of an additional Grate Inlet . . . only 22.72 feet from the gore area, and also Pavement Grinding (planing) to direct storm water to the additional Grate Inlet.

**Expert Opinion**

It is more probable than not that Mr. Kaya's February 8, 2010 vehicular traffic accident *would not* have occurred if the additional Grate Inlet had been installed, and if the Pavement Grinding (planing) had been performed, prior to that date.

 . . . .

The acts, errors and/or omissions described above show that [KBR] and Sylva Engineering Corporation did not meet the Standard of Care for appropriate Civil Engineer roadway and drainage design and engineering, and constitute professional design negligence.

Thus, Helmer's affidavit states that (1) Sylva failed to specify drainage inlets in the "critical area" near the gore; (2) this failure to install drains near the gore area further prevented water from draining properly; (3) had Sylva designated a drainage inlet where the department of transportation subsequently installed one, Kaya's accident would not have occurred; and (4) Sylva's failure to specify drainage inlets closer to the gore breached the standard of care and constituted

8

professional negligence. We conclude that Helmer's affidavit, like the affidavit in *Criterium-Farrell*, states specific omissions by Sylva in providing professional services.[3] *See* 248 S.W.3d at 399–400. Nothing in section 150.002 can be read to require Helmer to specify what additional drainage inlets Sylva could have also designed to comply with the standard of care. *See CBM Eng'rs, Inc. v. Tellepsen Builders, L.P.*, No. 01-11-01033-CV, 2013 WL 125713, at \*5–6 (Tex. App.—Houston [1st Dist.] Jan. 10, 2013, pet. filed) (concluding nothing in chapter 150 requires certificate of merit to specify where defendant should have installed additional bracing).

In its reply brief, Sylva claims that Kaya's suggested analysis amounts to reliance on a res ipsa loquitur theory of negligence which is inconsistent with chapter 150 of the civil practice and remedies code. Specifically, Sylva asserts that Kaya's allegation against Sylva relies on the "syllogism that: [1] Ponding in a roadway is a bad thing; [2] Sylva, as a design professional, participated in the design of the roadway; and [3] the Roadway, built as designed, was subject to ponding that contributed to Kaya's accident." Sylva claims that Kaya relies on this syllogism to imply that Sylva's design must have contributed to the accident, and thus Sylva must have been negligent in its design.

---

[3] Sylva also argues that Helmer's affidavit fails to imply a standard of care because it states that Sylva should have installed a grate inlet where the department of transportation subsequently installed one, that the department of transportation's grate inlet was not in the "gore area," and thus Helmer's proposed solution is inconsistent with Helmer's general complaint that a grate inlet was needed in the gore area. This argument is without merit, however, because Helmer's affidavit does not state that Sylva should have installed an inlet in the gore area, but rather states that grate inlets were needed "in the [almost flat] area *immediately preceding the gore area*," which could reasonably be interpreted to include the area where the department of transportation ultimately installed the inlet. (emphasis added). Therefore, we cannot conclude that the trial court abused its discretion in interpreting Helmer's affidavit to state that a grate inlet should have been installed in the nearly flat area preceding the gore area.

Leaving aside that Sylva did not raise this argument in its opening brief,[4] Kaya's pleadings and Helmer's affidavit do not assert a res ipsa loquitur claim. "*Res ipsa loquitur*, meaning 'the thing speaks for itself,' is an evidentiary rule applied when the circumstances surrounding an accident are sufficient to support an inference of negligence." *Burchinal v. PJ Trailers-Seminole Mgmt. Co.*, 375 S.W.3d 200, 220 (Tex. App.—Texarkana 2012, no pet.) (internal citations omitted). This rule applies when (1) the character of the accident is such that it would not normally occur in the absence of negligence and (2) the instrumentality causing the injury was under the management and control of the defendant. *Id.* As discussed above, neither Kaya's pleadings nor Helmer's affidavit rely on a general proposition that the character of this roadway accident is such that it would not have happened absent negligence, but rather, assert specific negligent actions or omissions by Sylva that proximately caused Kaya's injuries. *Cf. Burchinal*, 375 S.W.3d at 220 (stating res ipsa loquitur theory applies when plaintiff alleges character of accident indicates it would not normally occur absent negligence). Thus, Kaya's allegations do not rely on a res ipsa loquitur theory of negligence, and we conclude that the trial court did not abuse its discretion in denying Sylva's motion to dismiss on this basis. We overrule Sylva's first issue on appeal.

**Factual basis for certain negligence claims**

In its second issue on appeal, Sylva complains that the trial court erred in failing to dismiss Kaya's claim that Sylva negligently designed portions of SH 45 to be almost flat.

---

[4] *See Sunbeam Envtl. Servs. v. Texas Workers' Comp. Ins. Facility*, 71 S.W.3d 846, 851 (Tex. App.—Austin 2002, no pet.) (finding waiver of appellate issue raised for first time in reply brief rather than opening brief); *see also* Tex. R. App. P. 38.3.

Specifically, Sylva argues that Helmer's affidavit states that KBR, not Sylva, was responsible for designing the relevant portion of SH 45 to be flat, and thus the affidavit fails to provide a sufficient factual basis to support a negligence claim against Sylva in this respect. Whether the facts alleged in Helmer's affidavit satisfy the requirements of section 150.002(b) is a question of law that we review de novo. *See M-E Eng'rs, Inc.*, 365 S.W.3d at 500 (noting that trial court has no discretion in determining how law applies to given facts).

In his amended petition, Kaya asserts that "KBR LLC's and/or SYLVA's roadway design for this area had 'almost flat' longitudinal and transverse pavement slopes . . . ." However, Helmer's affidavit states that KBR—or more specifically KBR's predecessor, Brown & Root Services—engineered that portion of SH 45 to be almost flat. The affidavit does not indicate that Sylva was involved in designing the slope of the road, but rather states that Sylva was a subcontractor that KBR employed for the engineering of the drainage inlets discussed above. Furthermore, given that Sylva was KBR's subcontractor, there is nothing in Kaya's pleadings or Helmer's affidavit to suggest that Sylva could be vicariously liable for KBR's design of the roadway generally. *Cf. id.* at 506–07 (concluding certificate of merit that described agent's negligence was sufficient to demonstrate principal's liability under respondeat superior theory alleged in pleadings).

Therefore, we conclude that Helmer's affidavit fails to provide a factual basis to support Kaya's claim that Sylva was negligent in designing the relevant portion of SH 45 to be almost flat. Accordingly, we conclude that the trial court abused its discretion by failing to dismiss Kaya's negligence claim in this respect. We sustain Sylva's second issue on appeal, reverse the trial

11

court's order in part, and dismiss Kaya's claim that Sylva was negligent in designing the relevant portions of SH 45 to be almost flat.[5]

## CONCLUSION

Having sustained Sylva's second appellate issue, we reverse the trial court's order in part and dismiss Kaya's claim that Sylva was negligent in designing the relevant portions of SH 45 to be almost flat. Having overruled Sylva's remaining points of error, we affirm the remainder of the trial court's order denying Sylva's motion to dismiss.

_____

Scott K. Field, Justice

Before Justices Puryear, Pemberton, and Field

Affirmed in Part, Reversed and Dismissed in Part

Filed: April 18, 2013

---

[5] In its reply brief, Sylva also asserts that Helmer's affidavit is insufficient because it does not meet the standards for admissibility for an expert affidavit. *See, generally* Tex. R. Evid. 702 (providing for admissibility of expert opinion at trial to assist the trier of fact). Once again leaving aside the fact that Sylva did not make this argument in its opening brief, *see supra* n.4, Sylva did not raise this issue in the trial court. *See* Tex. R. Evid. 33.1(a) (requiring party to make timely request, objection, or motion at trial court to preserve issue for appellate review). And even if it had preserved this issue for appeal, we would still conclude that Sylva's argument is without merit because Sylva's argument is identical to the one considered and rejected by this court in *M-E Engineers, Inc. v. Tochihara*, 365 S.W.3d 497, 502–03 (Tex. App.—Austin 2012, pet. denied).