ACCEPTED
15-25-00173-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
1/8/2026 11:27 AM
CHRISTOPHER A. PRINE
CLERK

**NO. 15-25-00173-CV**

---

**IN THE FIFTEENTH COURT OF APPEALS OF TEXAS**

FILED IN
15TH COURT OF APPEALS
AUSTIN, TEXAS
1/8/2026 11:27:50 AM
CHRISTOPHER A. PRINE
Clerk

**AT AUSTIN, TEXAS**

---

**ENCOTECH CONSULTING ENGINEERS, INC.,**

**Appellant,**

**v.**

**IAN MIRAMON AND CAROLINE MIRAMON,**

**Appellees.**

---

**On Interlocutory Appeal From the District Court of
Travis County, Texas, Cause No. D-1-GN-25-001130;
The Honorable Laurie Eiserloh, Presiding Judge**

---

**BRIEF OF APPELLEES IAN MIRAMON AND CAROLINE MIRAMON**

---

John C. Ramsey
State Bar No. 24027762
K. Grace Hooten
State Bar No. 24092980
**RAMSEY LAW GROUP**
Woodway Tower
6363 Woodway Drive
Suite 500
Houston, Texas 77057
(P): (713) 489-7577
(F): (888) 858-1452
john@ramseylawpc.com
grace@ramseylawpc.com
eservice@ramseylawpc.com

Rick Freeman
**RICK FREEMAN, P.C.**
State Bar No. 07428800
3660 Stoneridge Road
B-102
Austin, Texas 78746
(P): (512) 477-6111
(F): (512) 473-2131
rick@freemanlaw.com

Vincent L. Marable III
**PAUL WEBB, P.C.**
State Bar No. 12961600
221 N. Houston Street
Wharton, Texas 77488
(P): (979) 532-5331
(F): (979) 532-2902
tripp@paulwebbpc.com

**ATTORNEYS FOR APPELLEES
IAN MIRAMON AND CAROLINE MIRAMON**

**ORAL ARGUMENT REQUESTED**

# TABLE OF CONTENTS

TABLE OF CONTENTS...................................................................2

INDEX OF AUTHORITIES...........................................................4

STATEMENT REGARDING ORAL ARGUMENT....................................7

RECORD AND PARTY REFERENCES.....................................8

TRANSFER FROM THIRD COURT OF APPEALS ...............................9

INTRODUCTION AND OVERVIEW........................................10

RESPONSE TO ENCOTECH'S STATEMENT OF
THE CASE (Responsive to Encotech's Brief of
Appellant, p. 3)..............................................................11

THE MIRAMONS' RESPONSE TO ENCOTECH'S
STATEMENT OF FACTS (Responsive to Encotech's
Brief of Appellant, pp. 4 – 8).........................................12

SUMMARY OF RESPONSIVE ARGUMENTS........................................19

ARGUMENT ....................................................................20

A.      INTRODUCTION ........................................................20

B.      STANDARDS GOVERNING CHAPTER
        150 MOTIONS TO DISMISS (Responsive
        to Encotech's Brief of Appellant, p. 10).........................22

C.      THE MIRAMONS FILED THE MANDATORY
        CERTIFICATE OF MERIT WITH THEIR FIRST-
        FILED PETITION (Responsive to Encotech's
        Brief of Appellant, pp. 11 – 12) ....................................27

D.    THE "COLLECTIVE ASSERTIONS OF NEGLIGENCE" ARGUMENT IS MERITLESS (Responsive to Encotech's Brief of Appellant, pp. 12 – 23) ........................................................................27

E.    THE EXPERT QUALIFICATION ARGUMENT MADE BY ENCOTECH IS MERITLESS (Responsive to Encotech's Brief of Appellant, pp. 23 – 27) ........................................................................39

CONCLUSION AND PRAYER ...............................................................46

CERTIFICATE OF COMPLIANCE ........................................................48

CERTIFICATE OF SERVICE ................................................................49

# INDEX OF AUTHORITIES

**CASES:**

AMEC Foster Wheeler USA Corporation v.
Maricelli, No. 09-19-00122-CV, 2022 WL
3579567 (Tex. App. – Beaumont July 2,
2020, no pet.) (mem. op.) ...................................................................... 34

Bratton v. Pastor, Behling & Wheeler, L.L.C.,
No. 01-23-00015-CV, 2024 WL 1662391 (Tex.
App. – Houston [1st Dist.] April 18, 2024, pet.
denied) (mem. op.) ....................................................................... passim

Certain Underwriters at Lloyds of London v.
Mayse & Associates, Inc., 635 S.W.3d 276 (Tex.
App. – Corpus Christi – Edinburg 2021, pet.
denied)..................................................................................... 11, 21, 41

CTL/Thompson Tex., LLC v. Starwood Homeowner's
Ass'n, Inc., 390 S.W.3d 299 (Tex. 2013)............................................... 12

DHM Design v. Morzak, No. 05-15-00103-CV,
2015 WL 3823942 (Tex. App. – Dallas June 19,
2015, pet. denied) (mem. op.)............................................................ 34

EDI International, PC v. Mond Homeowners
Association, Inc., No. 14-23-00958-CV, 2025
WL 798073 (Tex. App. – Houston [14th Dist.]
Mar. 13, 2025, no pet.) (mem. op.) ............................................. 31, 33

Elness Swenson Graham Architects, Inc. v.
RLJ II-C Austin Air, LP, No. 03-10-00805-CV,
2011 WL 156891 (Tex. App. – Austin Apr. 20,
2011, pet. denied) (mem. op.)........................................................... 45

Halff Associates, Inc. v. Jacob & Martin, LLC, No. 02-24-00439-CV, 2025 WL 1536392 (Tex. App. – Fort Worth May 29, 2025, pet. denied) (mem. op.) ........................................................ 22

Henderson Rogers Structural Engineers, LLC v. Mond Homeowners Association, Inc., No. 14-24-00043-CV, 2025 WL 798081 (Tex. App. – Houston [14th Dist.] Mar. 13, 2025, no pet.) (mem. op.) ...................................................... 32, 33

Janis Smith Consulting, LLC v. Rosenberg, No. 03-23-00370-CV, 2024 WL 4750757 (Tex. App. – Austin Nov. 6, 2024, pet. denied) (mem. op.) ........................................................ 41

Macina, Bose, Copeland & Assocs., v. Yanez, No. 05-17-00180-CV, 2017 WL 4837691 (Tex. App. – Dallas Oct. 26, 2017, pet. dism'd) (mem. op.) ........................................................ 34

M-E Engineers, Inc. v. City of Temple, 365 S.W.3d 497 (Tex. App. – Austin 2012, pet. denied) ..................................................... 11, 45

Melden & Hunt, Inc. v. E. Rio Hondo Water Supply Corp., 520 S.W.3d 887 (Tex. 2017) ...................................... 11

Morrison Seifert Murphy, Inc. v. Zion, 384 S.W.3d 421 (Tex. App. – Dallas 2012, no pet.) ........................................... 45

Resource Planning Associates, LLC v. Sea Scout Base Galveston & Point Glass, LLC, No. 01-19-00965-CV, 2021 WL 1375797 (Tex. App. – Houston [1st Dist.] Apr. 13, 2021, pet. denied) (mem. op.) .................................. 22, 27, 36

Robert Navarro & Assocs. Eng'g, Inc. v. Flowers
Baking Co. of El Paso, LLC, 389 S.W.3d 475
(Tex. App. – El Paso 2012, no pet.) ..................................................... 33

Ryan Engineering, Inc. v. Mond Homeowners
Association, Inc., No. 14-23-00960-CV, 2025 WL
798075 (Tex. App. – Houston [14th Dist.] Mar. 13,
2025, no pet.) (mem. op.) ........................................................ 32, 33

T & T Engineering Services, Inc. v. Danks,
No. 01-21-00139-CV, 2022 WL 3588718 (Tex.
App. – Houston [1st Dist.] Aug. 23, 2022, pet.
denied) (mem. op.) .............................................................. 30

**RULES AND STATUTES:**

Tex. Civ. Prac. & Rem. Code Chapter 150 .................................passim

Tex. Civ. Prac. & Rem. Code Section 150.002 ................................. 11

Tex. Civ. Prac. & Rem. Code Section 150.002(e) ............................ 12

Tex. R. App. P. 9.4(i)(1) .................................................... 48

Tex. R. App. P. 9.4(i)(2)(B) ................................................ 48

Tex. R. App. P. 41.3 ........................................................ 9

## STATEMENT REGARDING ORAL ARGUMENT

This lawsuit was filed after Appellee Ian Miramon, a City of Austin Fire Fighter, was catastrophically injured after being struck in the head by an industrial-sized ceiling fan at Austin Fire Department Station 51. (CR 4 – 25). The incident occurred on June 17, 2023. (CR 9). Suit was filed on February 12, 2025. (CR 4). While Appellant Encotech says that the issues in this case are "straightforward," Brief of Appellant, p. vi, Encotech seeks dismissal of the Miramons' claims that are now more than two years old and would be subject to a statute of limitations defense if refiled. The Miramons desire to present oral argument to respond to the dispositive arguments made by Encotech.

# RECORD AND PARTY REFERENCES

There is a one-volume clerk's record which is referred to as ("CR ___") with the page number of the clerk's record in parentheses.

There is a one-volume reporter's record which is referred to as ("RR ___") with the page number of the reporter's record in parentheses.

Appellant Encotech Consulting Engineers, Inc. is referred to as "Encotech."

This appeal transferred to this Court was originally docketed in the Third Court of Appeals as 03-25-00741-CV.

**TRANSFER FROM THIRD COURT OF APPEALS**

The Supreme Court transferred this appeal from the Third Court of Appeals to this Court. Texas Rule of Appellate Procedure 41.3 applies. This Court is bound by the precedent of the Third Court of Appeals to the extent that it differs from this Court's precedent.

**RESPONSE TO ENCOTECH'S STATEMENT OF THE CASE**
(Responsive to Encotech's Brief of Appellant, p. 3)

Encotech makes arguments about amended petitions filed by the Miramons. See Brief of Appellant, p. 3 & n. 4. Encotech made no such argument in the trial court. (CR 239 – 275, 354 – 362).

The Miramons filed their Original Petition on February 12, 2025 (CR 4 – 25) and filed amended petitions on May 13, 2025, June 12, 2025, and June 16, 2025. (CR 35 – 55, 56 – 80, 81 – 105). Encotech filed its motion to dismiss on August 11, 2025. (CR 239 – 275). The motion to dismiss refers only to the Miramons' Original Petition (CR 239) and Encotech attached as Exhibit "A" to the motion to dismiss the Original Petition. (CR 247 – 273).

**TO THE HONORABLE FIFTEENTH COURT OF APPEALS:**

Appellees Ian Miramon and Caroline Miramon ("the Miramons") file this Brief of Appellees responding to the Brief of Appellant of Encotech Engineering Consultants, Inc. as follows:

**INTRODUCTION AND OVERVIEW**

This interlocutory appeal challenges the trial court's denial of Encotech's Chapter 150 motion to dismiss. (CR 363 – 364). See Tex. Civ. Prac. & Rem. Code Section 150.002. The Texas Supreme Court has observed that "courts of appeals generally reject[] the notion that chapter 150 imposes the same level of scrutiny as that imposed on the admissibility of expert-opinion testimony for summary-judgment or trial purposes." Melden & Hunt, Inc. v. E. Rio Hondo Water Supply Corp., 520 S.W.3d 887, 890 – 91 (Tex. 2017). The statute "reflects [the] legislative goal of requiring merely that plaintiffs make a threshold showing that their claims have merit." M-E Eng'rs, Inc. v. City of Temple, 365 S.W.3d 497, 504 (Tex. App. – Austin 2012, pet. denied). The Chapter 150 determination requires a careful balance between "dismissing meritless claims" and "not dismissing meritorious claims merely on a procedural technicality." Certain

Underwriters at Lloyds of London v. Mayse & Associates, Inc., 635 S.W.3d 276, 285 (Tex. App. – Corpus Christi – Edinburg 2021, pet. denied).

The motion to dismiss practice authorized by Tex. Civ. Prac. & Rem. Code Chapter 150 occurs early in the litigation, before discovery, before the defendant is required to file an answer, and involves an analysis of the definition of the practice of engineering in the Texas Occupations Code and the allegations from the claimant's petition. The motion to dismiss practice is not a summary judgment proceeding. "Section 150.002(e) dismissal is a sanction with the same purpose, to deter meritless claims and bring them quickly to an end." CTL/Thompson Tex., LLC v. Starwood Homeowner's Ass'n, Inc., 390 S.W.3d 299, 301 (Tex. 2013). Under the Chapter 150 motion to dismiss practice, the Legislature's goal was to require the plaintiffs to make a threshold showing that their claims are not frivolous. The Miramons satisfied this "low bar." Encotech's challenge to the trial court's order is meritless.

**THE MIRAMONS' RESPONSE TO ENCOTECH'S STATEMENT OF FACTS** (Responsive to Encotech's Brief of Appellant, pp. 4 – 8)

This lawsuit involves catastrophic injuries suffered by City of Austin fire fighter Ian Miramon at Austin Fire Department Station 51. (CR 4 – 25). Mr. Miramon was struck in the head by a blade of an industrial-sized ceiling

fan. Id. Appellant Encotech admits that "Encotech provided mechanical, electrical and plumbing engineering services for the Project. … Here, there is no dispute that Encotech is a Texas registered professional engineer and provided professional mechanical, electrical and plumbing engineering services for the Project made the basis of this lawsuit." Motion to Dismiss, pp. 1, 3 ¶¶ 2, 8. (CR 239, 241). See also Brief of Appellant, p. 12. ("It is undisputed that Encotech is a professional engineering firm and that it provided MEP engineering design services for the Project.").

The Miramons' Original Petition pleads as follows with respect to the facts of the incident and the injuries suffered by Appellee Ian Miramon:

5.1    On or about June 17th, 2023 ("the date in question"), Plaintiff Ian Miramon ("Fireman Miramon") was working as a fireman for the Austin Fire Department at Austin Fire Station 51 located at 5410 US-290, Austin, TX 78748 ("Subject Property"). This was not his usual and customary station, as he was filling in for Station 51 on the day in question.

5.2    Upon information and belief, as Fireman Miramon was performing an inspection on a fire truck for his shift at the Subject Property, he was violently stuck in the head by a blade of an industrial-sized ceiling fan that was installed on the ceiling of the fire station. The force knocked Fireman Miramon off the top of the fire truck to the concrete ground below. He lost consciousness for several minutes and was found by other firemen on the ground surrounded by a pool of his own blood.



*Illustration No. 1 – Photograph of Subject Incident Scene.*

5.3   As a result of this incident, Fireman Miramon suffered multiple life-threatening injuries, including but not limited to a fractured skull with a traumatic brain injury, fractured jaw, fractured clavicle, multiple broken ribs, compression spinal injury, collapsed lung, as well as other injuries.

5.4   To this day, Fireman Miramon has suffered and continues to suffer from his serious, permanent, painful, and debilitating injuries.

(CR 9 – 10).

The Original Petition pleads a cause of action for negligence and gross negligence as follows:

14

6.1 Defendants committed actions of omission and commission, which collectively and severally, constituted negligence, which were proximate causes of the injuries and damages to Plaintiffs.

6.2 Defendants owed Plaintiffs a duty of ordinary care and breached their duties to Plaintiffs by the following:

(a) Failing to design the Subject Property in a safe condition;

(b) Failing to install the ceiling fan at the Subject Property in a safe manner and in a safe location;

(c) Failing to construct the Subject Property in a safe manner;

(d) Failing to inspect the Subject Property for any dangerous conditions;

(e) Failing to adequately warn of a dangerous and/or hazardous condition;

(f) Failure to remedy or retrofit a dangerous and/or hazardous condition that they created;

(g) Violating applicable government regulations, laws, rules, and industry standards; and

(h) Other acts discovered that are deemed negligent and/or grossly negligent.

6.3 Defendants' wrongful acts, errors, omissions, neglect, and carelessness, as set forth in the preceding paragraphs, were the proximate cause of Plaintiffs' injuries and damages.

(CR 11).

The Miramons attached a Certificate of Merit of Shane M. Darville, P.E. to their Original Petition. (CR 18 – 24). Mr. Darville identified the following Defendants as engineering firms, which included Appellant Encotech:

> The following engineering firms are known or reasonably believed to have worked upon the design and/or construction of Fire Station 51 for the City of Austin. Hereafter, these parties are collectively referred to as "The relevant party(ies)":
>
> - Encotech Engineering Consultants, Inc. – TX Engineering Firm No. 1141
> - Encotech Engineering Consultants, SA, Inc. – TX Engineering Firm No. 13366
> - Garza EMC, LLC – TX Engineering Firm No. 14629
> - JQ+ Tsen, LLC – TX Engineering Firm No. 12778
> - PGAL, Inc. – TX Engineering Firm No. 2742

(CR 19).

Mr. Darville's Certificate included additional factual information about the incident and injury.

> On/about June 17, 2023, Ian Miramon was injured while working at Fire Station 51 for the Austin Fire Department. Available evidence, primarily consisting of statements, photographs, and measurements taken by Austin Fire Department personnel, indicated that Mr. Miramon fell from the top of an apparatus (called Quint 51 by AFD) after being struck by a ceiling fan blade. Analysis of scene photographs and AFD documents indicates a large ceiling fan was mounted approximately 32 inches above the top of the apparatus.

Post-incident photographs indicate that one blade of the fan was out of plane with the rest of the blades. Further, the presence of blood on some of the surfaces at the top of the apparatus evidences that Mr. Miramon sustained injury prior to impact with the ground. This available evidence indicates that, more likely than not, Mr. Miramon was impacted by a fan blade at/near the top of the apparatus and was subsequently knocked, or unbalanced and fell, to the floor.

(CR 19).

Mr. Darville discussed the lack of appropriate clearance between the ceiling fan and the top of the fire-fighting apparatus.

The placement of the subject fan was problematic and hazardous in that it did not have sufficient clearance above the top of the apparatus. The apparatus requires regular maintenance and inspection given its utility, inclusive of equipment/components at the top of the apparatus. Therefore, the relevant party(ies) must take into consideration the presence of the apparatus in the bay, as well as the knowledge of its utility and required maintenance, and must therefore design and install the fan at sufficient clearance for AFD personnel to safely and properly perform their required maintenance and inspections of the apparatus.

Failure to take this into consideration presented an unreasonably hazardous condition. Further, ignoring such safety considerations, creating a hazard, relying on others to make your deficiencies safe, and relying on lesser levels of the hierarchy of controls is unacceptable for a licensed engineer. A licensed engineer should always try to eliminate a hazard or hazards by employing the most effective means possible. In this case, the most effective means would, in accordance with the hierarchy of controls, be the elimination of the potential hazard. Thus, had the subject fan been installed with safe clearances, the subject incident would not have occurred. This

17

was the simplest and most effective means possible and the one that absolutely eliminates the hazard. Further emphasis to this point is the reported fact that the fans have since been raised at AFD Station 51, thereby eliminating this hazard, which should have occurred from initial construction.

(CR 19).

Mr. Darville explained in detail how there were engineering deficiencies with respect to placement of the ceiling fan.

Professional engineers are hired for their expertise and owe a responsibility to "protect the public [such as Mr. Miramon] health, safety, and welfare." The relevant party(ies) had a responsibility to exercise reasonable care in the exercise of their work in connection with the apparatus bay design and placement of the subject ceiling fan.

For personnel of the relevant party(ies) related to the designed location, placement, and/or installation of the subject ceiling fan who were licensed professional engineering or whose work was required to be performed by licensed professional engineers, there was a responsibility to be properly licensed and qualified as engineers. The purpose of licensing and qualifying engineers is to "protect the public health, safety, and welfare." Tex. Occupations Code 1001.004.

As licensed engineers, the relevant party(ies) failed to design AFD Station 51 in a safe condition (specifically regarding placement of the subject ceiling fan), failed to install the ceiling fan at issue in a safe manner and location, failed to construct AFD Station 51 in a safe manner (specifically regarding placement of the subject ceiling fan), failed to adequately inspect AFD Station 51 for dangerous/hazardous conditions, failed to adequately warn of any such dangerous/hazardous conditions, failed to remedy and/or retrofit any dangerous/hazardous conditions that they created/discovered,

18

and/or violated applicable government regulations, laws, rule, and/or industry standards.

Based upon the facts discussed above in this certificate, it is my opinion that the relevant party(ies) failed to exercise reasonable care as well as meet the standard of care for licensed engineers for the reasons articulated herein where work was performed by a licensed engineer. Those breaches causally contributed to the incident involving Mr. Miramon.

(CR 20).

On pages 6 – 7 of its Brief of Appellant, Encotech repeats the arguments about the Miramons' amended petitions and additional defendants. But, as previously discussed, Encotech challenged the Original Petition only (CR 239), never references subsequent petitions in its motion to dismiss, and attaches the Original Petition as an Exhibit. (CR 249 – 273).

**SUMMARY OF RESPONSIVE ARGUMENTS**

This case involves the placement of an industrial-sized fan in Austin Fire Station 51 and the injuries that Ian Miramon suffered due to that placement. In the trial court, Encotech made two "qualification" challenges to the Miramons' Certificate of Merit authored by Shane M. Darville, P.E.: (1) that Darville was not "actively engaged" in the practice of engineering and (2) that Darville's only engineering experience is for positions of failure analysis and litigation support and not the practice of providing mechanical,

19

electrical and plumbing engineering design services. (CR 242). Shane M. Darville is undisputedly actively engaged in the practice of engineering. (CR 18 – 24; 264 – 270). His Certificate of Merit states that "I am actively engaged in the practice of engineering" and states that his engineering practice includes the placement of machines and safety of same with regard to human interaction and that he is knowledgeable in the area of engineering services and machine placement. (CR 18, 264).

Encotech also complained that Darville's Certificate of Merit made impermissible "collective assertions of negligence." (CR 242). Encotech's collective assertions of negligence argument has been rejected by Texas courts in similar Chapter 150 motion to dismiss cases.

## ARGUMENT

### A.  INTRODUCTION

In its 7 page trial court motion to dismiss (CR 239 – 246), Encotech says that Shane M. Darville's Certificate of Merit is deficient because Darville is not actively engaged in the practice of engineering and has no experience in providing mechanical, electrical and plumbing engineering design services. (CR 242). Mr. Darville's Certificate refutes both of these qualifications challenges made by Encotech:

I am a professional engineer licensed in the State of Texas (No. 122773). I am actively engaged in the practice of engineering. I am employed by McDowell Owens Engineering, Inc. A copy of my current curriculum vitae is attached hereto as Exhibit 1. My engineering practice includes forensic engineering and mechanical engineering, including the placement of machines and the safety of such with regard to human interaction. Throughout my career as an engineer, I have evaluated several hundred matters related to workplace and industrial accidents. Many of these matters I have worked on involved the improper placement of a machine and/or its components that caused or contributed to an injury.

I am knowledgeable in the area of engineering services and machine placement, including but not limited to the duties and standard of care for an engineer.

(CR 18, 264).

In <u>Mayse</u>, 635 S.W.3d at 290 – 291, the Court of Appeals rejected the same "forensic only" argument made by Encotech stating as follows:

Applying our interpretation of § 150.002(a)(3), we conclude Coffman's affidavit complies with § 150.002(a)(3) because it states that he is actively engaged in the "practice of forensic engineering, which includes various components of structural engineering[,]" and structural engineering is DCI's area of practice. <u>See</u> Tex. Civ. Prac. & Rem. Code Ann. § 150.002(a)(3). While DCI argues that Coffman's affidavit does not comply because Coffman is not actively practicing structural engineering, we disagree as on its face Coffman's affidavit says otherwise. Thus, we conclude Coffman's affidavit satisfies § 150.002(a)(3).

We sustain Underwriters's second issue as it relates to DCI.

Encotech's "collective assertions of negligence" argument has been repeatedly rejected by Texas courts, where as here, the Defendant was alleged to be involved in all aspects of the work at issue and where the Defendant admits to its involvement in the work that is the subject of the Certificate of Merit. (CR 10 – 11, 19 – 20, 239 – 241). Encotech's argument would require that in any situation where the negligent work is not attributed to a specific defendant, the motion to dismiss must be granted, thereby ending the suit. This Court should "decline to adopt such an approach." Resource Planning Associates, LLC v. Sea Scout Base Galveston and Point Glass, LLC, No. 01-19-00965-CV, 2021 WL 1375797 at * 16 (Tex. App. – Houston [1st Dist.] April 13, 2021, pet. denied) (mem. op.).

**B. STANDARDS GOVERNING CHAPTER 150 MOTIONS TO DISMISS**
(Responsive to Encotech's Brief of Appellants, p. 10)

Recently, the Fort Worth Court of Appeals discussed Chapter 150 motions to dismiss and certificates of merit in Halff Associates, Inc. v. Jacob & Martin, LLC, No. 02-24-00439-CV, 2025 WL 1536392 at * 3, 4 (Tex. App. – Fort Worth May 29, 2025, pet. denied) (mem. op.), as follows:

> The purpose of a certificate of merit under Section 150.002 "is to provide a basis for the trial court to determine merely that the [claimant's] claims are not frivolous" so the claimant may "proceed in the ordinary course to the next stages of litigation." CBM Eng'rs, Inc. v. Tellepsen Builders, L.P., 403 S.W.3d 339,

22

346 (Tex. App. – Houston [1st Dist.] 2013, pet. denied) (op. on reh'g); see T & T Eng'g Servs., Inc. v. Danks, No. 01-21-00139-CV, 2022 WL 3588718, at * 3 (Tex. App. – Houston [1st Dist.] Aug. 23, 2022, pet. denied) (mem. op.) (citing CBM Eng'rs, Inc., 403 S.W.3d at 346). The threshold for compliance with the certificate-of-merit requirement is low. As noted by the Supreme Court, "Chapter 150 requires only that a similarly licensed professional, knowledgeable of the defendant's area of practice, provide a sworn written statement certifying that the defendant's professional actions or omissions were negligent or otherwise erroneous and the factual basis for such claims." Melden & Hunt, Inc. v. E. Rio Hondo Water Supply Corp., 520 S.W.3d 887, 897 (Tex. 2017) (emphasis added).

■ ■ ■

[T]he bar to surviving a motion to dismiss under Chapter 150 has been set very low.

The First Court of Appeals recently discussed the Chapter 150 motion to dismiss process, emphasizing that the only purpose of the certificate of merit is to show that the plaintiff's claims are not frivolous so plaintiff may proceed in the ordinary course to the next stages of litigation. The First Court of Appeals further emphasized that the accuracy of the opinions in the certificate of merit and the reliability of those opinions are not pertinent to the sufficiency of the certificate of merit for purposes of defeating the motion to dismiss.

In Bratton v. Pastor, Behling & Wheeler, L.L.C., No. 01-23-00015-CV, 2024 WL 1662391 at * 4 – 5, 11 – 12 (Tex. App. – Houston [1st Dist.] April

23

18, 2024, pet. denied) (mem. op.), the Court of Appeals, citing to Supreme

Court precedent, first explained as follows:

> The certificate of merit need not address the elements of the plaintiff's various theories or causes of action. Melden & Hunt, Inc. v. E. Rio Hondo Water Supply Corp., 520 S.W.3d 887, 894 (Tex. 2017). "The statute instead obligates the plaintiff to get an affidavit from a third-party expert attesting to the defendant's professional errors or omissions and their factual basis." Id. The trial court then determines whether the certificate sufficiently demonstrates that the plaintiff's petition is not frivolous. Id.
>
> The purpose of Section 150.002 is to deter plaintiffs from filing frivolous claims by identifying and disposing of such claims at the outset of litigation. See LaLonde v. Gosnell, 593 S.W.3d 212, 216 (Tex. 2019) ("The certificate-of-merit requirement is a substantive hurdle that helps ensure frivolous claims are expeditiously discharged."). The function of a certificate of merit "is to provide a basis for the trial court to determine merely that the plaintiff's claims are not frivolous" and thus the plaintiff may "proceed in the ordinary course to the next stages of litigation." CBM Eng'rs, Inc. v. Tellepsen Builders, L.P., 403 S.W.3d 339, 346 (Tex. App. – Houston [1st Dist.] 2013, pet. denied).

Id. at * 5.

Continuing, the Court of Appeals cited to Texas Supreme Court and

Third Court of Appeals precedent, explaining as follows:

> Section 150.002(b) states that a certificate of merit shall set forth specifically for each theory of recovery for which damages are sought, the negligence, if any, or other action, error, or omission of the licensed or registered professional in providing the professional service, including any error or omission in providing advice, judgment, opinion, or a similar professional skill claimed to exist and the factual basis for each such claim

24

Tex. Civ. Prac. & Rem. Code § 150.002(b). But at this preliminary stage, a plaintiff is not required to marshal its evidence or provide the full range of information a defendant is entitled to obtain through formal discovery. See Melden & Hunt, Inc., 520 S.W.3d at 896 – 97; Dunham Eng'g, Inc. v. Sherwin-Williams Co., 404 S.W.3d 785, 795 (Tex. App. – Houston [14th Dist.] 2013, no pet.) (stating "at the certificate-of-merit stage, before discovery and before other dispositive motions are available, the plaintiff is not required to fully 'marshal his evidence' "); CBM Eng'rs, 403 S.W.3d at 346 ("The statute does not require a plaintiff to marshal his evidence or provide the full range of information that the defendant is entitled to obtain through formal discovery."). Rather, Section 150.002 "reflects a legislative goal of requiring merely that plaintiffs make a threshold showing that their claims have merit." M-E Eng'rs, Inc. v. City of Temple, 365 S.W.3d 497, 504 (Tex. App. – Austin 2012, pet. denied).

Id. at * 5.

The Chapter 150 motion to dismiss process occurs before discovery and before the defendant is required to file an answer. It is not a summary judgment proceeding and cannot be attacked on factual sufficiency and legal sufficiency grounds.

The question before the trial court and before us on appeal is only whether Dr. Bedient's certificate of merit complied with Section 150.002(a). The accuracy of Dr. Bedient's opinions and the reliability of his foundational materials do not impact the sufficiency of his certificate of merit under Section 150.002, which a plaintiff must file at the onset of litigation before any discovery has occurred. Rather, such arguments, which ERM and PBW are not foreclosed from making in the future, are more appropriately raised in a motion for summary judgment or motion to exclude expert testimony. See CBM Eng'rs, 403

25

S.W.3d at 346 (stating Section 150.002 does not "foreclose the defendant from later challenging the sufficiency of the plaintiff's evidence or the admissibility of an expert's opinion, such as by filing a motion to exclude expert testimony or a motion for summary judgment")

■ ■ ■

Further, as we have explained, the accuracy of Dr. Bedient's assertions and the appropriateness of his source material is not relevant at this initial stage of the litigation and may be raised later. See generally CBM Eng'rs, 403 S.W.3d at 346 (stating Section 150.002 does not "foreclose the defendant from later challenging the sufficiency of the plaintiff's evidence or the admissibility of an expert's opinion, such as by filing a motion to exclude expert testimony or a motion for summary judgment"); T & T Eng'g Servs., 2022 WL 3588718, at * 10 (holding certificate of merit sufficient for purposes of Section 150.002 and stating defendant could challenge sufficiency of plaintiff's evidence and admissibility of expert's opinion later in litigation).

Id. at * 11, 12.

Appellant Encotech is an engineering firm. (CR 19, 265, 239 – 241). The Miramons have provided a Certificate of Merit from a similarly licensed professional, knowledgeable of Appellant Encotech's area of practice, certifying that Appellant Encotech was negligent and the factual basis for such claim. (CR 18 – 24, 264 – 270). The Miramons have satisfied the threshold low bar for Chapter 150 Certificate of Merit compliance. The motion to dismiss is meritless and the trial court's ruling should be affirmed.

**C.  THE MIRAMONS FILED THE MANDATORY CERTIFICATE OF MERIT WITH THEIR FIRST FILED PETITION** (Responsive to Encotech's Brief of Appellant, pp. 11 – 12)

For some reason, Encotech makes a "no certificate" argument, citing to cases where the plaintiff failed to file any Certificate of Merit with the first filed pleading. Here, it is undisputed that the Miramons filed the mandatory Certificate of Merit with their Original Petition. (CR 18 – 25).

**D.  THE "COLLECTIVE ASSERTIONS OF NEGLIGENCE" ARGUMENT IS MERITLESS** (Responsive to Encotech's Brief of Appellant, pp. 12 – 23)

An engineer may make collective assertions of negligence in a Certificate of Merit "where it is alleged that the defendants were involved in all aspects of the work at issue." Bratton v. Paston, Behling & Wheeler, L.L.C., 2024 WL 1662391 at * 6, citing, Res. Planning Assocs., LLC v. Sea Scout Base Galveston & Point Glass, LLC, 2021 WL 1375797 at * 16 – 17.

The Miramons' pleading makes such allegations as to all of the professionals. (CR 10 – 11). The Certificate of Merit similarly states. (CR 19 – 20).

In addition, collective allegations are permissible where the defendant acknowledges or admits its involvement in the work that is the subject of the Certificate of Merit. Appellant Encotech admits that it "provided

27

mechanical, electrical and plumbing engineering services for the Project. … Here, there is no dispute that Encotech is a Texas registered professional engineer, and provided mechanical, electrical and plumbing engineering services for the Project made the basis of this lawsuit." Motion to Dismiss, pp. 1, 3, ¶ ¶ 2, 8. (CR 239 – 241). The same admission is repeated in the Brief of Appellant at page 12 – "It is undisputed that Encotech is a professional engineering firm and that it provided MEP engineering design services for the Project."

In <u>Bratton</u>, the plaintiffs sued ERM and PBW and the trial court dismissed the claims based on arguments made by ERM and PBW relying on "collective allegations of negligence." The Court of Appeals reversed and remanded the dismissed claims.

> Regardless, we find this Court's binding opinion in <u>T & T Engineering Services, Inc. v. Danks</u>, No. 01-21-00139-CV, 2022 WL 3588718 (Tex. App. – Houston [1st Dist.] Aug. 23, 2022, pet. denied) (mem. op.) more on point. In <u>T & T Engineering Services</u>, the plaintiff was injured while working on a drilling rig allegedly designed, fabricated, or manufactured by T&T Engineering and Basic Equipment. <u>Id</u>. at * 1. The plaintiff sued T&T Engineering and Basic Equipment for strict products liability and negligence. <u>Id</u>. at * 8. T&T Engineering objected to the plaintiff's certificate of merit and moved to dismiss the plaintiff's claims. Among other things, T&T Engineering argued the certificate of merit "failed to identify the particular defendant at fault or the specific conduct by T&T Engineering that contributed to [the plaintiff's] injuries." <u>Id</u>. at * 2. The trial court

28

denied T&T Engineering's motion to dismiss, and T&T Engineering appealed. Id.

This Court observed that "the certificate of merit did not specifically state the alleged negligence of T&T Engineering as opposed to that of Basic Equipment" or "expressly state that both T&T Engineering and Basic Equipment were involved in all aspects of the work performed." Id. at * 8. We explained the certificate of merit instead:

> grouped both defendants together and attributed the alleged failures in the design and installation of the derrick board to both defendants without stating which defendant was responsible for which acts or omissions, or if they were both responsible for all acts and omissions. There was, therefore, no way for the trial court to determine, based on the face of the certificate of merit, "which acts or omissions should be ascribed to which company."

Id. (citing Macina, 2017 WL 4837691, at * 6). We noted, however, that "T&T Engineering [had] unequivocally acknowledged in the record before the trial court that it [had] designed the drilling rig and the derrick board" the plaintiff's expert opined was defective, and that the certificate of merit identified the "alleged flaw[s] in the design of the drilling rig." T & T Eng'g Servs., 2022 WL 3588718, at * 9. We thus held that the "certificate of merit identifie[d] the alleged error and state[d] the factual basis for [the expert's] conclusions" and thus "provide[d] a basis for the trial court to conclude that [the plaintiff's] claims [were] not frivolous." Id. at * 10.

Bratton, 2024 WL 1662391 at * 9. Here, Encotech "unequivocally acknowledged in the record" that it provided the engineering services that Shane Darville stated were defective. (CR 239 – 241).

29

T & T Engineering Services, Inc. v. Danks, discussed above, is one of the authorities cited and relied upon by Appellant Encotech throughout its appellate brief for its "collective assertions of negligence" argument. See also Motion to Dismiss, p. 4, ¶ 11. (CR 242). That decision was clearly distinguished by the Bratton Court based on a record similar to this case. The Bratton Court quoted from the Bedient report which made collective allegations of negligence against Defendants ERM and PBW and rejected the "collective allegations" argument because "ERM and PBW both acknowledge in their motions to dismiss that they were responsible for one or more aspects of the remediation project Dr. Bedient addresses and criticizes in his certificate of merit."

> Apart from the errors and omissions associated with the CSM, Dr. Bedient states in his certificate of merit that ERM and PBW each failed to (1) "fully identify additional areas of potential contamination, such as the Englewood Intermodal Yard, in order to develop an appropriate remediation plan," (2) "characterize, assess and develop a plan to mitigate dense non-aqueous phase liquids (DNAPL) at the site as required by [Texas Risk Reduction Program]," and (3) "establish the full extent of community impacts or develop actions to completely stop those releases."

■ ■ ■

> Thus, as in T & T Engineering Services, the record reflects ERM and PBW both acknowledge in their motions to dismiss that they were responsible for one or more aspects of the

30

remediation project Dr. Bedient addresses and criticizes in his certificate of merit, such as the preparation and refinement of the CSM, the design of remedial action, or the evaluation and identification of evaluation of exposure pathways. Dr. Bedient's certificate of merit thus identifies specific acts or omissions by ERM and PBW, and ERM and PBW both acknowledge they were involved in such aspects of the work at the Facility. See T & T Eng'g Servs., 2022 WL 3588718, at * 7 (stating certificate of merit should specifically address "the conduct of the professional who provided the service at issue," and "identify each defendant and that defendant's specific conduct") (quoting Fluor Enters., 2020 WL 2070257, at * 5). We thus conclude the certificate of merit provided a basis for the trial court to conclude that Appellants' claims are not frivolous, and they may thus "proceed in the ordinary course to the next stages of litigation." See T & T Eng'g Servs., 2022 WL 3588718, at * 10 (quoting CBM Eng'rs, 403 S.W.3d at 346).

Bratton, 2024 WL 1662391 at * 9 – 10.

Both ERM and PBW filed separate petitions for review challenging the decision of the Fourteenth Court of Appeals in Bratton. The Supreme Court denied the petitions for review. Both of the petitions for review challenged the Court of Appeals' analysis based on the "collective allegations of negligence" arguments made by ERM and PBW. The Supreme Court filings are available for review via the online Supreme Court document portal.

On March 13, 2025, the Fourteenth Court of Appeals issued three appellate opinions arising from the same trial court case: EDI International,

PC v. Mond Homeowners Association, Inc., No. 14-23-00958-CV, 2025 WL 798073 (Tex. App. – Houston [14th Dist.] Mar. 13, 2025, no pet.) (mem. op.); Ryan Engineering, Inc. v. Mond Homeowners Association, Inc., No. 14-23-00960-CV, 2025 WL 798075 (Tex. App. – Houston [14th Dist.] Mar. 13, 2025, no pet.) (mem. op.); and Henderson Rogers Structural Engineers, LLC v. Mond Homeowners Association, Inc., No. 14-24-00043-CV, 2025 WL 798081 (Tex. App. – Houston [14th Dist.] Mar. 13, 2025, no pet.) (mem. op.)

The underlying case involved "the faulty design and installation of a glass curtain wall system." EDI, 2025 WL 798073 at * 1; Henderson, 2025 WL 798081 at * 1; Ryan, 2025 WL 798075 at * 1. "In relevant part, the Mond asserted negligence claims against EDI, Henderson Rogers Structural Engineering, LLC … and Ryan Engineering, Inc. …". Id. In all three appeals, the defendants/appellants asserted that the trial court abused its discretion "in denying [their] motion[s] to dismiss because the Mond's certificate of merit made collective assertions of negligence." Id.

The collective assertions of negligence argument was rejected in all three appeals. The Certificate of Merit stated that there was "lack of proper coordination review, and oversight between EDI, Henderson, and Ryan."

32

EDI, 2025 WL 798073 at * 2. In rejecting the "collective assertions" argument, the Court of Appeals in EDI stated as follows:

> Kahanek states that "[t]he lack of proper coordination review, and oversight between EDI, Henderson, and Ryan have resulted in a poorly performing window glass curtain wall assembly which lacks the ability to control audible stress relief during periods of increasing and decreasing thermal exposure ...." This provides a factual basis for the Mond's negligence claim against EDI and Kahanek's assertion that in his professional opinion and expertise EDI was negligent by improperly reviewing and overseeing Ryan. See M-E Eng'rs, Inc., 365 S.W.3d at 504. We reject EDI's argument that Kahanek's affidavit only makes global assertions of negligence and failed to specifically identify EDI and EDI's conduct. See Tex. Civ. Prac. & Rem. Code Ann. § 150.002(b); see also Jaster-Quintanilla & Assocs., Inc. v. Prouty, 549 S.W.3d 183, 191 (Tex. App. – Austin 2018, no pet.) ("Melden & Hunt confirms that the factual basis required is merely that which underlies the asserted professional error or omission to which the affiant attests; the affiant need not address the elements of the plaintiff's various theories or causes of action or operative facts other than the professional errors or omissions that are the focus of the statute.") (internal quotation marks omitted). We cannot conclude that the trial court abused its discretion when it denied EDI's motion to dismiss. See Dunham Eng'g, Inc., 404 S.W.3d at 796 – 97.

Id. Identical statements appear in the Henderson and Ryan opinions. Henderson, 2025 WL 798081 at * 3; Ryan, 2025 WL 798075 at * 3.

In support of its "collective assertions of negligence" argument, Appellant Encotech relied on: 1) Robert Navarro & Assocs. Eng'g, Inc. v. Flowers Baking Co. of El Paso, LLC, 389 S.W.3d 475, 482 (Tex. App. – El

Paso 2012, no pet.), 2) <u>Macina, Bose, Copeland & Assocs. v. Yanez</u>, No. 05-17-00180-CV, 2017 WL 4837691 at * 7 – 8 (Tex. App. – Dallas Oct. 26, 2017, pet. dism'd) (mem. op.), and 3) <u>DHM Design v. Morzak</u>, No. 05-15-00103-CV, 2015 WL 3823942 at * 3 (Tex. App. – Dallas June 19, 2015, pet. denied) (mem. op.). <u>See</u> Motion to Dismiss, pp. 4 – 5. (CR 242 – 243).

The Beaumont Court of Appeals considered these three cases in <u>AMEC Foster Wheeler USA Corporation v. Maricelli</u>, No. 09-19-00122-CV, 2020 WL 3579567 at * 5 – 7 (Tex. App. – Beaumont July 2, 2020, no pet.) (mem. op.), and affirmed the denial of the motion to dismiss by the trial court. In that case, the expert made collective allegations that a piping hazard was not identified. The Court of Appeals explained as follows:

> In contrast, in the present case the trial court could have concluded that the original certificate of merit meets the minimum threshold requirement because it specified facts that could bear on the allegations made against Foster Wheeler.
>
> In Plaintiffs' original certificate of merit, Sawyer names Foster Wheeler and explains that Foster Wheeler was the technology licensee for the Deep Conversion Project. In the original certificate of merit, the affidavit identifies Fluor as the entity providing the front-end engineering and design and construction for the defendant "Foster Wheeler USA Corporation licensed Delayed Coker at the Total Port Arthur Refinery[,]" and it states that the hazard associated with Mr. Maricelli's incident would have been present during the design and construction of the project, and asserts that a study would have identified the hazard associated with maintenance of the

34

304 Strainers and a safer alternative design implemented. The paragraph then concludes that "[t]he firms associated with the engineering and design of the Coker at Total failed to identify the piping hazard and such failure was a proximate cause of Mr. Maricelli's incident." The certificate refers to Wyatt and Triple "S" as contractors that were involved with maintenance and modifications to the 30FL-304A/B Fines Removal Strainers and associated piping before the incident and opined as to how the contractors who conducted the piping modification were negligent. And, the certificate describes how Total "bears some responsibility" for the incident.

While the allegations in the original certificate may be poorly worded, we cannot say the trial court erred in denying the motion to dismiss on the record now before us as the trial court could have construed the original certificate in context with the paragraphs that specifically referenced Foster Wheeler as describing Foster Wheeler as the licensee, and Fluor as the engineers, and that both were involved in the engineering and design of the Coker at Total, and that they both "failed to identify the piping hazard and such failure was a proximate cause of Mr. Maricelli's incident." The trial court could have reasonably concluded that the original certificate of merit makes specific averments about Foster Wheeler, its role in the project, and its errors or omissions, and that it provided enough detail from which the trial court could determine Plaintiffs' complaint is not frivolous. See Melden & Hunt, Inc., 520 S.W.3d at 896; see also Tex. Civ. Prac. & Rem. Code Ann. § 150.002(b).

Id. at * 6 – 7.

This reasoning fully applies to the Miramons' Certificate of Merit. Mr. Darville's Certificate of Merit "specified facts that could bear on the allegations made against [Encotech] … that [multiple defendants] were involved in the engineering and design … and that they [all] 'failed to

35

identify the … hazard and such failure was a proximate cause of [Mr. Miramon's] incident'." Id. (CR 18 – 24). "The trial court could have reasonably concluded that the original certificate of merit makes specific averments about [Encotech], its role in the project, and its errors or omissions, and that it provided enough detail from which the trial court could determine Plaintiffs' complaint is not frivolous." Id.

The Bratton Court, previously discussed herein, rejecting "collective assertion of negligence" arguments based on the authorities cited by Encotech. Bratton, 2024 WL 1662391 at * 6.

In Resource Planning Associates, LLC v. Sea Scout Base Galveston and Point Glass, LLC, 2021 WL 1375797 at * 16 – 17 (mem. op.), the Court of Appeals considered and rejected collective assertions of negligence arguments based on the same authorities cited by Encotech. The Court of Appeals affirmed the trial court's denial of the motion to dismiss where the certificate of merit explicitly stated that the expert was not aware of the division of responsibilities between the defendants.

> RPA and Shipley argue on appeal, as they did in the trial court, that SSBG's certificate of merit is insufficient because Coltzer did not segregate the allegations between RPA and Shipley. Rather, Coltzer states: "I am not aware of the division of responsibilities between the two Architects." And, thereafter, Coltzer "jointly refers to both RPA and [Shipley] where he

36

makes an allegation of deficient architectural work." RPA and Shipley argue that such collective allegations render SSBG's certificate of merit insufficient and requires the dismissal of its claims.

■ ■ ■

Here, SSBG's expert, Coltzer, testified that "each Architectural sheet has the seal associated with Mr. Randall <u>and</u> Mr. Shipley. I am not aware of the division of responsibilities between the two Architects." (Emphasis added.) That is, RPA and Shipley each affixed a seal to the documents at issue but did not identify any specific portions of the documents that each prepared. <u>See</u> <u>Id</u>. §§ 1.103(a), 1.104(b). Accordingly, Coltzer attributed the errors and omissions he cited to both architects, i.e., "[p]ortions of the plans prepared by [RPA] and [Shipley] under the seals of Mr. Randall and Mr. Shipley are not correct from a technical perspective."

<u>Id</u>. at * 15 – 16.

The Court of Appeals rejected the collective assertions of negligence argument after examining and explaining the purpose of the Certificate of Merit at the preliminary, before discovery stage of the case and concluding that accepting the argument would effectively bar the suit – "A plaintiffs expert being unable to attribute any certain error to a specific architect would render the plaintiff unable to produce a sufficient certificate of merit, thus ending the suit … We decline to adopt such an approach."

We note that section 150.002 requires that a certificate of merit be filed at the beginning of a lawsuit, with the petition. <u>See</u> Tex. Civ. Prac. & Rem. Code § 150.002(a). At this preliminary stage,

the plaintiff is not required to marshal its evidence or to provide the full range of information that the defendant is entitled to obtain through formal discovery. See Melden & Hunt, 520 S.W.3d at 897 (citing Dunham Eng'g, 404 S.W.3d at 795 (noting that "at the certificate-of-merit stage, before discovery and before other dispositive motions are available, the plaintiff is not required to fully marshal his evidence")). Again, the function of the certificate of merit is to provide a basis for the trial court to determine merely that the plaintiff's claims are not frivolous, and to thereby conclude that the plaintiff is entitled to proceed in the ordinary course to the next stages of litigation. Id.; M-E Eng'rs, 365 S.W.3d at 504 (noting that statute "reflects a legislative goal of requiring merely that plaintiffs make a threshold showing that their claims have merit"). Notably, RPA was sued, in part, under a theory that it was vicarious[ly] liable for Shipley's errors and omissions.

Were we to adopt the approach that RPA and Shipley espouse, any two or more architects working on a large project, as here, could advance the project by affixing their respective seals, see 22 Tex. Admin. Code. § 1.103(a), while insulating themselves from future liability simply by not identifying the portions of the document each prepared. See Id. § 1.104(b). A plaintiff's expert being unable to attribute any certain error to a specific architect would render the plaintiff unable to produce a sufficient certificate of merit, thus ending the suit. See Tex. Civ. Prac. & Rem. Code § 150.002(e) (providing that claimant's failure to file certificate of merit in accordance with section 150.002 "shall result in dismissal of the complaint against the defendant"). We decline to adopt such an approach.

Id. at * 16.

The "collective assertions of negligence" arguments made by Encotech are without merit.

**E. THE EXPERT QUALIFICATION ARGUMENT MADE BY ENCOTECH IS MERITLESS** (Responsive to Encotech's Brief of Appellant, pp. 23 - 27)

Encotech falsely claimed in the trial court that "Shane M. Darville, P.E.'s Curriculum Vitae, attached to his Certificate of Merit, demonstrates he <u>is not</u> actively engaged in the practice of engineering." Motion to Dismiss, p. 4, ¶ 10 (emphasis in original). (CR 242). Encotech next claimed that Darville's only employment experience is failure analysis and litigation support and not the practice of providing mechanical, electrical and plumbing engineering design services. <u>Id</u>.

Mr. Darville's Curriculum Vitae states, in part, as follows:

Primary areas of consultation: mechanical systems and component failure analysis, Carbon Monoxide exposure, and utility systems. Residential and commercial construction. HVAC and plumbing, roof inspections, water intrusion/damage, and foundation failure/deflection analysis. Construction Safety and OSHA compliance related to workplace safety and injury.

Experiences include detailed on-site analyses, repair scope and specification development. Analyses are conducted according to current applicable standards. And providing sworn testimony when required.

■ ■ ■

| Apr. 2019 – Present Houston, Texas | **MCDOWELL OWEN ENGINEERING, INC.** Engineering Manager/Consulting Engineer. Areas of primary interest include |
|---|---|

| | |
|---|---|
| | mechanical system and equipment failure analysis, commercial and residential construction, hazardous gas exposure, and mechanical, electrical, plumbing (MEP) related losses. Premises liability related to slip/trip and fall accidents. |
| Nov. 2016 – 2019 Kingwood, Texas | **BISON ENGINEERING, INC.** Mechanical Forensic Engineer. Areas of primary interest include mechanical systems analysis including pressure vessels, hazardous gas exposure with a focus on Carbon Monoxide (CO) and mechanical, electrical, plumbing (MEP) related losses. |

(CR 21, 267).

Mr. Darville states in the Certificate of Merit as follows:

I am a professional engineer licensed in the State of Texas (No. 122773). I am actively engaged in the practice of engineering. I am employed by McDowell Owens Engineering, Inc. A copy of my current curriculum vitae is attached hereto as Exhibit 1. My engineering practice includes forensic engineering and mechanical engineering, including the placement of machines and the safety of such with regard to human interaction. Throughout my career as an engineer, I have evaluated several hundred matters related to workplace and industrial accidents. Many of these matters I have worked on involved the improper placement of a machine and/or its components that caused or contributed to an injury.

I am knowledgeable in the area of engineering services and machine placement, including but not limited to the duties and standard of care for an engineer. The opinions expressed in this Certificate are based upon my personal knowledge, skill,

40

education, training, experience, practice, and review of analysis of certain evidence (described below) concerning the events surrounding the June 17, 2023 incident in which Mr. Ian Miramon was injured.

(CR 18, 264).

The forensic and "not actively engaged in the practice of engineering" arguments are patently frivolous and untrue for the same reasons discussed in Mayse, 635 S.W.3d at 290 – 291, quoted on page 21, herein. In Mayse, the Court of Appeals stated:

> Applying our interpretation of § 150.002(a)(3), we conclude Coffman's affidavit complies with § 150.002(a)(3) because it states that he is actively engaged in the "practice of forensic engineering, which includes various components of structural engineering[,]" and structural engineering is DCI's area of practice. *See* Tex. Civ. Prac. & Rem. Code Ann. § 150.002(a)(3). While DCI argues that Coffman's affidavit does not comply because Coffman is not actively practicing structural engineering, we disagree as on its face Coffman's affidavit says otherwise. Thus, we conclude Coffman's affidavit satisfies § 150.002(a)(3).

> We sustain Underwriters's second issue as it relates to DCI.

The Third Court of Appeals recently addressed and rejected "practice area" qualification arguments identical to those made by Encotech in this case. In Janis Smith Consulting, LLC v. Rosenberg, No. 03-23-00370-CV, 2024 WL 4750757 at * 1 (Tex. App. – Austin Nov. 6, 2024, pet. denied) (mem. op.), the trial court denied the motion to dismiss. The engineering

41

defendant asserted on interlocutory appeal that the plaintiff's expert did not work in the same "practice area" as the defendant.

> Eric B. Rosenberg attached a certificate of merit from a professional engineer to his suit alleging professional negligence and malpractice claims against Janis Smith Consulting, LLC and Janis Smith (collectively, Smith). However, Smith contends Rosenberg's certificate of merit is deficient because the affiant does not practice in the same subspecialty practice area as Smith does.

■ ■ ■

> Smith filed a motion to dismiss, arguing that Campbell lacks the required knowledge, skill, experience, education, training, and practice in the relevant area of specialization, and thus his affidavit cannot support Rosenberg's professional negligence or malpractice claims. Specifically, Smith maintained Campbell lacks experience with "the construction and maintenance of boat docks and bulkheads in Lake Austin, or attached to the banks of Lake Austin," which she characterizes as a "narrow and very specialized area of practice," as well as her "sole area of practice." She argued an engineer practicing in this area must understand the City of Austin's and Army Corps of Engineers' regulations for Lake Austin shoreline projects, the "constructability of proposed designs to ensure that the design will actually function," and the "regulatory reviewers' pattern of enforcement of regulations," in addition to having "a working knowledge of past precedents as they pertain to boat docks and bulkheads on Lake Austin."

Id. at * 1.

The Third Court of Appeals quoted from the certificate of merit which is similar in many respects to the Darville Certificate in this case. Id. at * 3.

42

Campbell's certificate of merit states that he "practice[s] in the same area of practice, that being civil engineering, as [Smith]." He attests that he made the observations and conclusions in his affidavit based on his "professional experience, skill, knowledge, education, training, and practice in the engineering field." And Campbell's resume, which he attached to his affidavit, reflects his civil-engineering degree, professional engineering license, and over 20 years of experience in municipal and city engineering services, including planning, design, and permit reviews, and involving water and wastewater services.

The Third Court of Appeals rejected the "subspecialty" and practice area arguments.

In sum, this litigation involves a feasibility determination regarding the relocation of a residential boat dock and whether Rosenberg's preferred design and location were consistent with permitting requirements. That is, notwithstanding Smith's advanced subspecialty – i.e., "engineering in the specialty area of regulatory approval for site plan permitting required for the construction and maintenance of boat docks and bulkheads on Lake Austin, or attached to the banks of Lake Austin" – the practice area at issue here involves civil engineering design and permitting services.

Id. at * 3.

The Third Court of Appeals cited numerous cases rejecting the same argument that Encotech makes challenging Darville's qualifications in this case.

On this record, we conclude the trial court could have reasonably found Campbell practices in the same area as Smith for purposes of the certificate of merit requirement in

43

Chapter 150. See Eric L. Davis Eng'g, Inc. v. Hegemeyer, No. 14-22-00657-CV, 2023 WL 8270984, at * 4 (Tex. App. – Houston [14th Dist.] Nov. 30, 2023, no pet.) (mem. op.) (concluding affiant practiced in same structural-engineering practice area as appellants despite appellants' argument that affiant did not specifically state he designs residential post-tension foundations); T & T Eng'g Servs., 2022 WL 3588718, at * 4 – 6 (holding that petroleum-engineer affiant sufficiently demonstrated he practiced in structural and mechanical engineering for Section 150.002(a)(3) purposes); Howe-Baker Eng'rs, Ltd. v. Enterprise Prods. Operating, LLC, No. 01-09-01087-CV, 2011 WL 1660715, at * 5 (Tex. App. – Houston [1st Dist.] Apr. 29, 2011, no pet.) (mem. op.) (concluding affiant and appellants shared same practice area when record established that affiant's practice "overlaps with" appellants'); see also Carlson, Brigance & Doering, Inc. v. Compton, No. 03-19-00954-CV, 2020 WL 7233612, at * 4 – 5 (Tex. App. – Austin Dec. 8, 2020, pet. denied) (mem. op.) (concluding, under different version of statute, that trial court could have reasonably inferred affiant's knowledge of practice area based on his observations and evaluations).

Id. at * 3.

Continuing, the Third Court of Appeals rejected the narrow argument advocated by the defendant professional.

Neither the statute nor case law support the narrowly drawn practice area parameters Smith urges. See Tex. Occ. Code § 1001.003(c) (defining "the practice of engineering"); Nortex Found. Designs, Inc. v. Ream, No. 02-12-00212-CV, 2013 WL 3488185, at * 3 (Tex. App. – Fort Worth July 11, 2013, no pet.) (mem. op.) ("[T]he statute requires the expert to be practicing in the same area as the defendant, but it does not require the expert to have the same job description. All that is necessary is that, whatever the expert's job, it falls within the same area of practice as the defendant."); Benchmark Eng'g Corp. v. Sam

Houston Race Park, 316 S.W.3d 41, 49 – 50 (Tex. App. – Houston [14th Dist.] 2010, pet. granted, judgm't vacated w.r.m.) (rejecting appellant's argument that affiant was required to practice in engineering subspecialty of "drainage and drainage design" when record established he practiced in same area of construction engineering as appellant). Thus, the trial court did not abuse its discretion in denying Smith's motion to dismiss under section 150.002.

Id. at * 3.

Other similar cases include Morrison Seifert Murphy, Inc. v. Zion, 384 S.W.3d 421, 427 (Tex. App. – Dallas 2012, no pet.) (Chapter 150 only requires that author of certificate of merit must be knowledgeable in the area of practice of the defendant); Elness Swenson Graham Architects, Inc. v. RLJ II-C Austin Air, LP, No. 03-10-00805-CV, 2011 WL 1562891 at * 2 – 3 (Tex. App. – Austin Apr. 20, 2011, pet. denied) (mem. op.)

In M-E Engineers, Inc. v. City of Temple, 365 S.W.3d 497, 503 (Tex. App. – Austin 2012, pet. denied), the Third Court of Appeals found the author of the certificate of merit was knowledgeable in the defendant's area of practice as required by Chapter 150 based on statements similar to those made by Darville in the Certificate of Merit in this case.

In this case, the district court had before it Long's sworn certificate indicating that he is currently licensed by the State of Texas as a professional engineer, that he is "actively engaged in the practice of mechanical engineering," and that he "practice[s] in the design of heating, ventilating, air conditioning

45

systems and plumbing systems." The district court also could have considered other facts tending to confirm that Long was knowledgeable concerning HVAC systems, most notably including his descriptions and analysis of eleven sets of identified problems in the building's HVAC system that he attributed to Tochihara.

■ ■ ■

On this record, we cannot conclude that the district court abused its discretion in determining that Long "is knowledgeable" in Tochihara's area of practice, as required by section 150.002, subsection (a). <u>See</u> Tex. Civ. Prac. & Rem. Code Ann. § 150.002(a). We overrule appellants' second issue.

Appellant Encotech qualifications argument is meritless.

## CONCLUSION AND PRAYER

Appellant Encotech Engineering Consultants, Inc.'s motion to dismiss was properly denied by the trial court. The trial court's order must be affirmed.

Respectfully submitted,

**RAMSEY LAW GROUP**

<u>/s/ John C. Ramsey</u>
John C. Ramsey
State Bar No. 24027762
K. Grace Hooten
State Bar No. 24092980
Woodway Tower
6363 Woodway Drive, Suite 500
Houston, Texas 77057
Telephone: (713) 489-7577

Facsimile:  (888) 858-1452
john@ramseylawpc.com
grace@ramseylawpc.com
eservice@ramseylawpc.com


**RICK FREEMAN, P.C.**
Rick Freeman
State Bar No. 07428800
3660 Stoneridge Road, B-102
Austin, Texas 78746
Telephone: (512) 477-6111
Facsimile: (512) 473-2131
rick@freemanlaw.com


**PAUL WEBB, P.C.**

*/s/   Vincent L. Marable III*
Vincent L. Marable III
State Bar No. 12961600
221 N. Houston Street
Wharton, Texas 77488
Telephone: (979) 532-5331
Facsimile: (979) 532-2902
tripp@paulwebbpc.com


**ATTORNEYS FOR APPELLEES IAN
MIRAMON AND CAROLINE MIRAMON**

**CERTIFICATE OF COMPLIANCE**

This Brief of Appellees complies with the length limitations of Tex. R. App. P. 9.4(i)(2)(B) because the Brief of Appellees consists of 8,671 words, excluding the parts of the brief exempted by Tex. R. App. P. 9.4(i)(1).


*/s/  Vincent L. Marable III*
**VINCENT L. MARABLE III**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of January, 2026, a true and correct copy of the above and foregoing was sent to all the attorneys of record, in accordance with the Texas Rules of Appellate Procedure by e-file.

/s/      Vincent L. Marable III
**VINCENT L. MARABLE III**

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Vincent Marable III on behalf of Vincent Marable III
Bar No. 12961600
tripp@paulwebbpc.com
Envelope ID: 109811092
Filing Code Description: Brief Requesting Oral Argument
Filing Description: Brief of Appellees Ian Miramon and Caroline Miramon
Status as of 1/8/2026 11:53 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Nicholas Scott | | nscott@wslawpc.com | 1/8/2026 11:27:50 AM | SENT |
| Brandon Waddell | | bwaddell@wslawpc.com | 1/8/2026 11:27:50 AM | SENT |
| Paula Reynolds | | preynolds@wslawpc.com | 1/8/2026 11:27:50 AM | SENT |
| Michelle Connrt | | mconner@wslawpc.com | 1/8/2026 11:27:50 AM | SENT |
| John Ramsey | | john@ramseylawpc.com | 1/8/2026 11:27:50 AM | SENT |
| Rick Freeman | | rick@rickfreemanlaw.com | 1/8/2026 11:27:50 AM | SENT |
| Vincent Marable | | tripp@paulwebbpc.com | 1/8/2026 11:27:50 AM | SENT |
| Ramsey LawGroup | | eservice@ramseylawpc.com | 1/8/2026 11:27:50 AM | SENT |
| K.  GraceHooten | | grace@ramseylawpc.com | 1/8/2026 11:27:50 AM | SENT |